TYLER v. STATE.

Crim. 3920

Opinion delivered April 1, 1935.

42

*Paul Miller, Ed B. Dillon* and *Robert L. Rogers II,* for appellant.

*Carl E. Bailey,* Attorney General, and *Guy E. Williams,* Assistant, for appellee.

MEHAFFY, J. The appellant was indicted, tried and convicted of the offense of practicing medicine without a license, in Lincoln County, Arkansas. Appellant filed demurrer to the indictment for the following reasons:

"First: That said indictment shows upon its face no definite time when said alleged offense was committed.

"Second: That said indictment does not show with clarity the offense alleged to have been committed.

"Third: That said indictment does not state sufficient facts to constitute a crime.

"Fourth: That the indictment was not returned within the time prescribed by the statutes of this State."

The demurrer was overruled, and the case was tried on the following agreed statement of facts:

"It is agreed by counsel that Dr. P. A. Tyler was convicted of the crime of perjury in the Pope County Circuit Court on the 19th day of June, 1930. That on the 14th day of November, 1933, his license as a practicing physician was revoked by the State Board of Medical Examiners, and notice thereof was given to the defendant.

"That thereafter the defendant practiced medicine in Lincoln County, as charged in the indictment; and it is agreed by and between counsel for the State and the defendant that the court may pass upon the guilt or innocence of the defendant on the charge laid in the indict-

ment on the agreement of facts as herein set out." This was all the evidence introduced in the case.

The court found the appellant guilty, and fixed his punishment at a fine of $25. Motion for new trial was filed and overruled, and the case is here on appeal.

Appellant calls attention to a number of authorities to the effect that the board cannot revoke a physician's license without a hearing. Section 8242 of Crawford & Moses' Digest provides for the revocation of the license of a physician or surgeon for several causes, among others, conviction of the crime involving moral turpitude. This section also provides that the physician must be furnished with a copy of the complaint and given a hearing.

It is agreed that Dr. Tyler was convicted of the crime of perjury in the Pope Circuit Court on June 19, 1930. The punishment for perjury is imprisonment in the State penitentiary for not less than one nor more than fifteen years. It is not disputed that the crime of perjury involved moral turpitude, and therefore the board, under § 8242, would have the right to revoke license.

It is argued, however, that the board did not give the appellant a hearing. Whether it did or not we cannot say. The agreed statement of facts recites "that on the 14th day of November, 1933, his license as a practicing physician was revoked by the State Board of Medical Examiers, and notice thereof was given to him." There is no evidence tending to show that the board revoked his license without a hearing. The presumption is, when there is no evidence to the contrary, that the State Board of Medical Examiners acted lawfully.

Section 8279 of Crawford & Moses' Digest is as follows: "Whenever any physician and surgeon, or person engaged in the practice of medicine or surgery in this State, shall be convicted of any crime and misdemeanor involving moral turpitude, in addition to the other penalty or penalties imposed upon him, shall be added a revocation of his license to practice medicine and surgery."

There is no evidence, however, to show whether the court at the time of appellant's conviction revoked his license to practice medicine. It was the duty of the court to do so.

It is earnestly insisted by the appellant that the board could not, after three and a half years after his conviction, revoke his license. The agreed statement of facts does not show what the board did, whether a hearing was granted, nor does it show that his license was revoked because of his conviction. It is merely recited that appellant was convicted, and that his license was thereafter revoked. In the absence of evidence to the contrary, as we have already said, we must assume that the board acted lawfully when it revoked his license. And it is agreed that thereafter he practiced medicine in Lincoln County, as charged in the indictment.

The appellant argues a number of questions, and in his motion for a new trial states that he has discovered important evidence since the verdict; that he was not given a fair and legal hearing when his license was revoked by the Medical Board. This may be true, but there is no evidence to support this statement contained in the motion for new trial. He also states in his motion that he was not notified of any charges against him by the board, and had no chance to defend himself by appearing in person or by his attorney. If this statement is true, it should have been in the agreed statement of facts, or he should have introduced evidence of this fact. We are bound by the evidence and cannot take the statement in the motion for new trial as evidence. Appellant also states in his motion that his license was revoked by one member of the board without notice to the other members and without notice to him at the first hearing, and the first time license was purported to have been revoked. He further says that he received no notice from the board after the second hearing as to any action taken on his right to practice, although said board agreed to notify him within three days after the hearing as to what disposition was made of his case. None of these things in his motion for new trial appear in the evidence, and, although he says he has discovered this since the

trial, most of it he was bound to know at the time of the trial. For instance, if he had no opportunity to be present and have a hearing, he certainly knew this, and should have incorporated it in the agreed statement of facts. It appears from his motion for new trial that there was a second hearing, and he complains that after this hearing the board failed to give him notice, although it had promised to do so within three days. The fact is that appellant agreed he had been convicted of a crime involving moral turpitude; that his license had been revoked, and that he had thereafter practiced medicine in Lincoln County as charged in the indictment. The indictment charged him with the crime of practicing medicine without license. This, of course, was in violation of law, and he agrees in the statement of facts that he did this.

We find no error, and the judgment is affirmed.